IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.: BEL-98-0259 |
| ANTONIO HOWELL | * | |

* * * * *

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF MOTION FOR REDUCTION OF SENTENCE
UNDER 18 U.S.C. § 3582(C)**

Antonio Howell was originally sentenced by this Court on March 6, 2000 to a pre-Booker 276 - month term of imprisonment upon his plea of guilty to one count of Conspiracy to Distribute Cocaine base (crack) in violation of 21 U.S.C. § 846. On June 14, 2002, this Court entered an amended judgment granting a motion under Rule 35 sentencing Antonio Howell to a pre Booker term of imprisonment of 168 months. The Defendant submits that although the initial 276 month term of imprisonment was calculated under U.S.S.G. § 2A1.1, the amended judgment of June 14, 2002 was **not** under 2A1.1, but in fact under 2D1.1.

Prior to sentencing on March 6, 2000, the Court received a Presentence Report prepared by United States Probation Officer Blair Wise. The Court relied on the calculations in that Presentence Report and the statement by probation officer that

> "the base level for Conspiracy to Distribute Narcotics is found in 2D1.1(c). However, §2D1.1(d)(1) provides that if a victim was killed under circumstances that would constitute murder under 18 U.S.C. 1111, had such killing taken place within the territorial or maritime jurisdiction of the United

> States, §2A1.1 is applied. The base offense level is forty three."

The Court imposed a sentence of 276 months. That sentence was clearly founded upon the application of U.S.S.G. 2A1.1. However, one must note that the application of 2A1.1 was secondary to the original application of 2D1.1(c) as pointed out in Paragraph 14 of the Presentence Report "the base offense level for Conspiracy to Distribute Narcotics is found in 2D1.1(c)."

A simple analysis reveals that in entering sentence on the Defendant, the Court relied on the United States Sentencing Guidelines. In doing so, the Court was first referred to U.S.S.G. 2D1.1(c) and through that section to 2A1.1. It is not that 2D1.1 was inapplicable; it merely incorporated a different section of the Sentencing Guidelines in its calculations (not in its applicability).

When the Court entered the June 14, 2002, Amended Judgment, it imposed a sentence of 168 months on Antonio Howell. No new Presentence Report was completed. No new input was provided to the Court by the United States Probation Department. The Court merely adopted "the factual findings and guideline application in the Presentence Report." Obviously, the calculation in the original Presentence Report could not support the 168 month sentence. The Presentence Report states "the organization distributed primarily cocaine base, or crack …. over the life of the conspiracy, the quantity of crack distributed exceeded 100 kilograms." By adopting the factual findings in the probation report the Court adopted the finding that there was a conspiracy involving the distribution of cocaine base or crack.

The sentence imposed on Antonio Howell was result of a guilty plea. The Defendant tendered a plea of guilty to Conspiracy to Distribute Cocaine base (crack). The guidelines under which Antonio Howell was finally sentenced was based on that count to which he pled guilty (Conspiracy to Distribute Cocaine base (crack) in violation of 21 U.S.C. §846). Accordingly, Antonio Howell is eligible for relief and reduction of sentence under 18 U.S.C. §3582.

The Government in its response suggests that Antonio Howell has exhibited violent behavior. This Court is well aware of the cruel and intolerable manner in which Antonio Howell has been incarcerated. This Court was most helpful in having Antonio Howell removed from "the hole" at USP Tucson Arizona where he has been placed for no action on his part. Because of the unique situation of Antonio Howell and the need for protection, he has been forced to suffer considerably more than the usual inmate. Counsel has been advised that the Defendant may be transferred again with the same detrimental consequences because the FCI where the Defendant is currently located is being changed to a minimum security institution. If Antonio Howell is to be transferred, the likelihood is he will be placed in "lockup" at a maximum security United States prison.

Counsel on behalf of his client is requesting that this Court recognize the eligibility of Antonio Howell for relief under 18 U.S.C. §3582(c) and that a Hearing be held to determine the extent of relief to which he is entitled or in the alternative that the sentence be reduced pursuant to the amendment to the United States Sentencing Guidelines

involving cocaine base (crack).

                              Respectfully submitted,

                              /s/
                         _____
                         Howard L. Cardin
                         Cardin & Gitomer, P.A.
                         211 St. Paul Place
                         Baltimore, MD 21202
                         (410) 727-3868

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of August, 2008 a copy of the aforegoing Memorandum was mailed postage prepaid to Barbara S. Sale, Assistant United States Attorney, Office of the United States Attorney, 36 South Charles Street, 4th Floor, Baltimore, MD 21201.

                              /s/
                         _____
                         HOWARD L. CARDIN